# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**URSULA HENLEY,**

                  **Plaintiffs,**

**-vs-**                                            **Case No. 6:12-cv-28-Orl-28GJK**

**TENDER YEARS CHILDCARE AND
LEARNING CENTER II, INC., JOHNA
BLAIR, and JOHN DAWSON,**

                  **Defendants.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration, without oral argument, on the following motion:

| |
|---|
| **MOTION:**   **MOTION OF REMOVAL (Doc. No. 1)** |
| **FILED:**       **January 6, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

    On January 6, 2012, Plaintiff, Ursula Henley, moved to remove (hereafter "Motion") the suit originally filed in the "Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, FL, entitled Betty Hall, Ursula Henley, Ashley Kruswicki, Plaintiffs, v. John Dawson Sr., 2190 Lakeside Av [sic], Melbourne, FL 32934-7878. Case number 05-2011-SC-032364." Doc. No. 1 at 1, ¶ 1. Plaintiff attaches copies of all "process, pleadings and order served upon defendant in the state court action" and asserts that removal is appropriate because she asserts

violations of the Fair Labor Standards Act (hereafter "FLSA"), an action over which this Court has original jurisdiction. Doc. No. 1 at 1, ¶¶ 2-3. Accordingly, "Plaintiff desires and is entitled to have this case removed from the County Court of the Nineteenth Judicial Circuit in and for Brevard County. [sic] Florida to the United States District Court for the Middle District of Florida, such being the district where said federal suit is pending." Doc. No. 1 at 2, ¶ 7.

A civil action filed in state court, "of which the districts courts of the United States have original jurisdiction, **may be removed by the defendant** or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless an act of Congress provides otherwise. 28 U.S.C. § 1441(a) (emphasis added). "A **defendant or defendants** desiring to remove" a case to federal court must file a "notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such **defendant or defendants** in such action." 28 U.S.C. § 1446(a) (emphasis added).

The foregoing statutes clearly demonstrate that a plaintiff is not the appropriate party to remove a state court action to federal court. *See* 28 U.S.C. §§ 1441, 1446. A defendant is the only party that may remove an action filed in state court. *See id.*[1] Accordingly, it is **RECOMMENDED** that the Motion be **DENIED**.[2]

Failure to file written objections to the proposed findings and recommendations

---

[1] The Motion contains a number of errors. In the Motion, Plaintiff seems to indicate that the only defendant in the state action is John Dawson, Sr. Doc. No. 1 at 1, ¶ 1. Yet, the caption of the Motion and the Court's docket indicates multiple defendants. Plaintiff states she filed her state court action in the Circuit Court for the Eighteenth Judicial Circuit, but requests removal from the County Court of the Nineteenth Judicial Circuit in Brevard County. Doc. No. 1 at 1-2, ¶¶ 1, 5, 7. Florida's Nineteenth Judicial Circuit serves Martin, St. Lucie, Indian River and Okeechobee counties. *See* http://circuit19.org/.

[2] Plaintiff, along with Betty Hall and Ashley Kruswicki, filed an identical motion in *Hall v. Tender Years Childcare and Learning Center II, Inc.*, No. 6:06-12-cv-29-GKS-GJK (M.D. Fla. filed January 6, 2012).

contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on January 30, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties